1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    JUAN MATTA SANTOS,                              Civil No.    07cv0191-WQH (PCL)

12                                    Petitioner,

13                       vs.                          **SUMMARY DISMISSAL OF**
                                                      **SUCCESSIVE PETITION PURSUANT**
14    J. F. SALAZAR, Warden, et al.,                  **TO 28 U.S.C. § 2244(b)(3)(A)**
                                                      **GATEKEEPER PROVISION**
15                                    Respondents.

16          Petitioner, Juan Matta Santos, a state prisoner proceeding pro se, has filed a Petition for

17    Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma

18    pauperis.  The Court does not rule on Petitioner's in forma pauperis request because this case

19    is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

20                  **PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS**

21          On July 1, 1999, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in SO.

22    DIST. CA. CIVIL CASE NO. 99cv1364-JM (AJB).  (See Petition in SO. DIST. CA. CIVIL CASE NO.

23    99cv1364-JM (AJB), filed 7/1/99.)  In that petition, Petitioner challenged his conviction in San

24    Diego Superior Court case No. SCD121236.  (Id. at p. 1.)  On May 12, 2000, this Court denied

25    the petition on the merits of the claims presented.[1]  (See Order filed 5/12/00 in SO. DIST. CA.

26    CIVIL CASE NO. 99cv1364-JM (AJB).)  Petitioner appealed that determination.  On December

27    _____

28          [1] Although Petitioner now contends that his 1999 Petition was denied on the basis that he failed
      to exhaust state court remedies (see Pet. at 5), the 1999 Petition was clearly denied on its merits.

K:\COMMON\EVERYONE\_EFILE-PROSE\WQH\07cv0191-Dismiss.wpd, 2127          -1-                                    07cv0191

Dockets.Justia.com

1  8, 2000, the Ninth Circuit Court of Appeals denied Petitioner's request for a Certificate of

2  Appealability and dismissed the appeal. (See Order filed 12/8/00, Doc. No. 22 in SO. DIST. CA.

3  CIVIL CASE NO. 09cv1364-JM (AJB).)

4  ### INSTANT PETITION BARRED BY GATEKEEPER PROVISION

5  Petitioner is now seeking to once again challenge his San Diego Superior Court

6  conviction and sentence in case number SCD121236 (Pet. at 1), which is the same conviction

7  and sentence he challenged in his prior federal habeas petition.  Unless a petitioner shows he or

8  she has obtained an order from the appropriate court of appeals authorizing the district court to

9  consider a successive petition, the petition may not be filed in the district court.  See 28 U.S.C.

10 § 2244(b).  Although Petitioner now wishes to present claims alleging ineffective assistance of

11 trial and appellate counsel predicated on events which happened at trial and appeal, but were not

12 raised in the first petition, the instant petition is nevertheless considered successive under section

13 2244(b).  See Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002) (noting that second petition is

14 successive where claims presented therein could have been raised in prior petition); Babbitt v.

15 Woodford, 177 F.3d 744, 747 (9th Cir. 1999) (finding as successive claims of ineffective

16 assistance of counsel predicated on facts which were known or should have been known at the

17 time of trial).  Even to the extent Petitioner contends that claim four, relating to the modification

18 of the abstract of judgment, could not have been presented in the original petition because the

19 abstract of judgment was modified seven years after his conviction (see Pet. at 9), Petitioner does

20 not identify a federal constitutional error arising from his allegations in this regard, but merely

21 makes vague references to "due process," "equal protection," "ex post facto" etc., and as such

22 this Court lacks jurisdiction over the claim.  See Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir.

23 1991) (claims alleging violations of state law or state constitutional provisions are insufficient

24 to state a federal habeas claim absent specific allegations pointing to a violation of federal law

25 or the federal constitution).

26 ### CONCLUSION

27 Because there is no indication Petitioner has obtained permission from the Ninth Circuit

28 Court of Appeals to file a successive petition, this Court cannot consider his Petition.

K:\COMMON\EVERYONE\_EFILE-PROSE\WQH\07cv0191-Dismiss.wpd, 2127                    -2-                                                                07cv0191

1  Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition

2  in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.

3  (Attached for Petitioner's convenience is a blank Ninth Circuit Application for Leave to File

4  Second or Successive Petition.)  The dismissal is also without prejudice to Petitioner to proceed

5  with a new federal habeas petition, which will be given a new civil case number, in which he

6  presents <u>federal</u> claims which he did not have the opportunity to raise in his original petition, if

7  any such claims exist.

8      The Clerk shall include a blank Ninth Circuit Application for Leave to File Second or

9  Successive Petition form along with this Order and shall close the file.

10     **IT IS SO ORDERED.**

11

DATED:  February 12, 2007

12

13     **WILLIAM Q. HAYES**
       United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28